IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY *C.9* D.C.

05 NOV 29 PM 2: 42

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LEZERRICK D. HAWKINS,

    Defendant.

Cv. No. 05-2061-Ml/P
Cr. No. 98-20198(Tu)

---

ORDER TRANSFERRING MOTION UNDER 28 U.S.C. § 2244(b)(3)
TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

---

Defendant Lezerrick D. Hawkins, Bureau of Prisons inmate registration number 14300-076, an inmate at the Federal Prison Camp in Millington, Tennessee, has filed a second pro se motion pursuant to 28 U.S.C. § 2255 challenging his conviction for violating 21 U.S.C. § 841(a)(1).

On August 25, 1998, a federal grand jury returned a two-count indictment against Hawkins and three codefendants. The first count charged all the defendants with conspiring to possess forty kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The second count charged all defendants with conspiring to possess six kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On September 25, 1998, pursuant to a written plea agreement, Hawkins appeared before the Honorable Jerome Turner to enter a guilty plea to counts 1 and 2 of the indictment. Judge Turner conducted a sentencing hearing on April 30, 1999, at which time Hawkins was sentenced to one hundred fifty-one (151) months

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _11-30-05_

②

imprisonment, to be followed by five years of supervised release. Judgment was entered on May 5, 1999.  Hawkins did not take a direct appeal.

Hawkins filed a motion pursuant to 28 U.S.C. § 2555 on October 18, 1999.  The Honorable Bernice B. Donald issued an order on March 29, 2000 denying the motion and certifying that an appeal would not be taken in good faith.  United States v. Hawkins, No. 99-2923-D (W.D. Tenn. March 29, 2000), and the Sixth circuit denied Hawkins' application for a certificate of appealability.  Hawkins v. United States, No. 00-5825 (6th Cir. Dec. 18, 2000).

On July 1, 2004, Hawkins filed a motion in his closed criminal case, styled "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(b)(3)," contending that he was entitled to a reduction in his sentence as a result of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004).  The Court denied the motion on November 30, 2004 and certified that any appeal would not be taken in good faith.  Hawkins did not appeal.

On January 19, 2005, Hawkins filed this motion under 28 U.S.C. § 2255, contending he is entitled to be resentenced under the principles enunciated in United States v. Booker, 125 S. Ct. 738 (2005).  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, Title I, § 102, 110 Stat. 1220 (Apr. 24, 1996), amended 28 U.S.C. §§ 2244(b) and 2255 to preclude the filing of any subsequent § 2255 motion absent permission from the Court of Appeals for the Circuit in which the district court is located. Under In re Sonshine, 132 F.3d 1133, 1135 (6th Cir. 1997), the AEDPA amendments bar a prisoner from filing a second § 2255 motion unless those amendments would have an impermissibly retroactive

2

effect on a claim for relief under § 2255.  Under In re Sims, 111
F.3d 45, 47 (6th Cir. 1997), "when a second or successive . . . §
2255 motion is filed in the district court without § 2244(b)(3)
authorization from [the Sixth Circuit], the district court shall
transfer the document to this court pursuant to 28 U.S.C. § 1631."
Id.  The present motion is a subsequent § 2255 motion under § 2255
and § 2244(b)(3).  See Alexander v. United States, 121 F.3d 312,
313-14 (7th Cir. 1997)(denying leave to mount fourth collateral
challenge to federal criminal conviction and holding that
"[r]ejected justifications may not be reiterated in a successive
motion for leave to file.").

     Hawkins requests that this Court determine that he is entitled
to retroactive application of Booker.  However, Hawkins must obtain
a certification from the Sixth Circuit Court of Appeals that Booker
is a new rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, before filing this second
or successive motion.[1]

     Under Sims, the Court construes the subsequent motion as a
request for certification.  Accordingly, it is hereby ordered that

_____

     [1]     In Booker, the Supreme Court determined that its holding in Blakely
v. Washington, 542 U.S. 296 (2004), applies to the Sentencing Guidelines.
Booker, 125 S. Ct. at 755-56.  However, the Court also expressly stated that its
holding must be applied to all cases on direct review.  Id. at 769 (citing
Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of
criminal prosecutions is to be applied retroactively to all cases . . . pending
on direct review or not yet final, with no exception for cases in which the new
rule constitutes a 'clear break' with the past")).  The Sixth Circuit determined
in Humphress v. United States, 398 F.3d 855 (6th Cir. 2005), that the rule of
Booker does not fall within the second exception of Teague v. Lane, 489 U.S. 288
(1989).  Humphress, 398 F.3d at 863 (noting that the Supreme Court has never held
that a new rule of criminal procedure falls with the second exception of Teague).
Thus, the Sixth Circuit concluded that the rule of Booker does not apply
retroactively in collateral proceedings.  Humphress, 398 F.3d at 860.
Accordingly, Booker has not been "made retroactively applicable to cases on
collateral review" and provides Hawkins with no basis for relief.

the Clerk of Court transfer this motion to the United States Court
of Appeals for the Sixth Circuit.

IT IS SO ORDERED this __29__ day of November, 2005.

_____
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

4

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# **Notice of Distribution**

This notice confirms a copy of the document docketed as number 2 in case 2:05-CV-02061 was distributed by fax, mail, or direct printing on November 30, 2005 to the parties listed.

---

Lezerrick D Hawkins
FPC-MILLINGTON
14300-076
P.O. Box 2000
Millington, TN 38083

Terrell L. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT